ALD-288                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2006
_____


CALIPH ALJA-IZ,
                                        Appellant
v.

UNITED STATES VIRGIN ISLANDS BOARD OF EDUCATION
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Civil No. 3-14-cv-00043)
District Judge:  Honorable Curtis V. Gómez
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect, Dismissal Pursuant to 28
U.S.C. § 1915(e)(2)(B), or Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6
August 6, 2015
Before:  CHAGARES SCIRCA and RENDELL, <u>Circuit</u> <u>Judges</u>

(Filed: August 28, 2015)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Caliph Alja-Iz ("Alja-Iz") brought a discrimination suit against

the Virgin Islands Board of Education ("the Board").  He now appeals the District

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

Court's order dismissing his complaint for failure to state a claim. Because that appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

Alja-Iz filed a complaint alleging that the Board failed to issue him teaching certificates in violation of several federal statutes: (1) the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. § 12112; (2) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and (3) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. The Board answered the complaint, after which the District Court sua sponte notified the parties that it was considering dismissal of the complaint for failure to state a claim upon which relief could be granted. Alja-Iz filed a brief arguing against dismissal, and the Board filed a brief in favor of dismissal in conjunction with a motion for judgment on the pleadings. The District Court then dismissed the complaint for failure to state a claim. In its dismissal order, the District Court gave Alja-Iz 15 days to file an amended complaint. Instead of amending his complaint, Alja-Iz appealed the dismissal.

## II.

First, we must consider our jurisdiction to hear the appeal because Alja-Iz's decision to appeal from a dismissal that gave him leave to amend his complaint presents a potential jurisdictional issue. With some exceptions, we have jurisdiction over appeals only from final decisions of the district courts. See 28 U.S.C. § 1291. "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable

2

because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 952. Although there is no "clear rule for determining when a party has elected to stand on his or her complaint," Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009), we have exercised jurisdiction when a plaintiff fails to amend within the time provided by the District Court, see Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992).

Here, we will infer Alja-Iz's intention to stand on his complaint. The District Court dismissed Alja-Iz's complaint and granted Alja-Iz 15 days to amend it. Instead of filing an amended complaint, Alja-Iz filed a notice of appeal 21 days later. As a result, the District Court's order is a final, appealable order. See id.

### III.

Turning to the merits, we discern no error in the District Court's decision to dismiss Alja-Iz's complaint because the complaint lacked sufficient factual material to state a discrimination claim based on the Board's alleged refusal to grant Alja-Iz the certifications he sought.

Our review of the District Court's dismissal order is plenary. See Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011); Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting and citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).  We may summarily affirm a District Court's order if there is no substantial question presented in the appeal, see 3d Cir. L.A.R. 27.4; I.O.P. 10.6, and we may rely on any grounds supported by the record, see Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).[1]

Although a pro se plaintiff like Alja-Iz is given some leeway in meeting the Federal Rules' pleading requirements, see Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003), even under that relaxed standard, there is no substantial question that the complaint failed to state a claim, see Fantone v. Latini, 780 F.3d 184, 193 (3d Cir. 2015)

---

[1] The District Court's order dismissing the complaint analyzed the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) following its sua sponte order, rather than discussing the Board's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  The two standards are effectively the same, and we apply the same plenary review to a dismissal based on either of those rules.  See Knepper v. Rite Aid Corp., 675 F.3d 249, 257 (3d Cir. 2012); Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004).

Also, the District Court's order appears to contain language that is relevant to another of its opinions in a different case involving Alja-Iz, in which the District Court dismissed a similar employment-discrimination complaint against the Virgin Islands Department of Education.  See Caliph Alja-Iz v. United States Virgin Islands Department of Education, District Court of the Virgin Islands, No. 3:14-cv-00042.  The language in the order appealed from here refers repeatedly to claims against the Virgin Islands Department of Education, and also analyzes claims under statutes that Alja-Iz cited in his lawsuit against the Virgin Islands Department of Education in 3:14-cv-00042, but not in his lawsuit against the Virgin Islands Board of Education in 3:14-cv-00043.  None of this,

(holding that a pro se complaint must still meet Twombly and Iqbal's plausibility standard).

A covered entity will be liable under the ADA only if it knew of the disability at issue. See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002); Jones v. United Parcel Serv., 214 F.3d 402, 406 (3d Cir. 2000) ("It is, of course, an axiom of any ADA claim that the plaintiff be disabled and that the employer be aware of the disability."). Here, Alja-Iz never alleged that the Board was aware of any purported disability when it made its decision not to grant him the certifications he sought, which is sufficient on its own to dispose of Alja-Iz's claim under the ADA.

Moreover, even assuming that Alja-Iz is disabled within the meaning of the ADA and that the Board was aware of a disability, Alja-Iz's complaint still failed to state a claim for disability discrimination. Other than the legal conclusion that the Board failed to issue him certifications "in violation of" the ADA and "because the plaintiff is a disabled highly qualified professional teacher certification applicant," Alja-Iz never alleged any facts to suggest that the Board denied him certification "because of" his disability or "as a result of discrimination" on the basis of disability, as the ADA requires. CG v. Pennsylvania Dep't of Educ., 734 F.3d 229, 235 (3d Cir. 2013); Hohider v. United Parcel Serv., Inc., 574 F.3d 169, 186 (3d Cir. 2009); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere

however, changes the outcome of this appeal, as the record in this case makes clear that Alja-Iz failed to state a claim against the Board.

conclusory statements, do not suffice."). The only even potentially relevant facts in the complaint are that Alja-Iz received "negative emails" from a representative of the Board, who allegedly told him that he "will not even get a professional certification application to apply for an education professional certification nor will the plaintiff . . . be certified as an educational professional in the United States Virgin Islands."[2]

There is even less to Alja-Iz's claims under Title VI and Title VII. Alja-Iz never pleaded even the bare legal conclusion that he failed to received certifications as a result of discrimination on the basis of race, sex, or any other characteristic protected under either of those statutes—let alone pleaded any facts sufficient to describe a prima facie case of discrimination. See Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (per curiam) (setting out the elements of a prima facie case of race, color, religion, sex, or national origin discrimination under Title VII); cf. also Rashdan v. Geissberger, 764 F.3d 1179, 1182 (9th Cir. 2014) (adopting Title VII scheme of proof for Title VI disparate-treatment claims and recognizing that the Third Circuit has used that scheme of proof in Title VI cases) (citing Gazarov ex rel. Gazarov v. Diocese of Erie, 80 F. App'x 202, 203-05 (3d Cir. 2003) (nonprecedential)).

Finally, Alja-Iz's complaint also failed to set out a plausible retaliation claim. To advance a prima facie case of retaliation a plaintiff must show that: (1) he engaged in a protected activity; (2) the employer took an adverse employment action after or

---

[2] For its part, the Board stated in its answer, among other things, that Alja-Iz's out-of-state test scores did not qualify Alja-Iz to receive the certifications he sought in the

6

contemporaneous with the protected activity; and (3) a causal link exists between the employee's protected activity and the employer's adverse action. See Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 286 (3d Cir. 2001). Here, Alja-Iz pleaded himself out of court, as his complaint alleged that the Board made its decision denying him certification before he purportedly engaged in the protected activity of filing a complaint. See Glanzman v. Metro. Mgmt. Corp., 391 F.3d 506, 516 (3d Cir. 2004) (observing that it is not possible to meet the retaliation standard when the adverse action precedes the protected activity).

Perhaps Alja-Iz could have corrected these pleading deficiencies in an amended complaint, but after the District Court granted him leave to amend his complaint, he declined to do so and instead stood on his complaint as it was initially written. Because his complaint pleaded no viable claim, this appeal presents us with no substantial question. We will therefore affirm the District Court's order dismissing Alja-Iz's complaint.

Virgin Islands.